MOSSOP v. ZAPP.   (No. 7159.)

(Court of Civil Appeals of Texas.   Galveston. Nov. 4, 1915.)

APPEAL AND ERROR ☞767 — BRIEFS—STRIKING OUT—ABUSE OF LOWER COURT AND OPPOSING COUNSEL.

A brief of appellant, alleging that the decree took his property and gave it to plaintiff as a matter of charity, unauthorized by any evidence, or by any principle of law or equity, that it amounted to nothing more or less than judicial robbery, that appellant, who was willing to let appellee rescind the contract, was prevented from doing so by the advice of her counsel contrary to her own interest induced by having the trial court give him a verdict for his foolish advice, and a motion by appellee referring to opposing counsel in abusive and vituperative language, would be stricken from the files on the court's own motion, and appellant allowed 20 days to file a brief from which the objectionable language was expunged.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3102; Dec. Dig. ☞767.]

Error to District Court, Fayette County; Frank S. Roberts, Judge.

Action by Mrs. Isolda Zapp against Y. F. Mossop. Judgment for plaintiff, and defendant brings error. Brief of appellant and motion of appellee to strike it from the files both stricken on the court's own motion, and appellant allowed 20 days within which to file another brief.

John T. Duncan, of La Grange, for plaintiff in error. C. D. Krause, of La Grange, for defendant in error.

PLEASANTS, C. J. Appellee has filed a motion asking that the brief of appellant be stricken from the files of this court because of the abuse and vilification therein contained of the trial judge and of counsel for appellee.

The following excerpts from appellant's brief copied in the motion are, upon examination, found to be correct copies:

"Because the decree of the court * * * was an indirect attempt on the part of the court to take the property of the defendant and give it to plaintiff as a matter of charity."

"The plaintiff in error, Mossop, does not feel that the trial court had the right to run his hands into his pockets and take his money and give it to the defendant in error for her to compensate her counsel for giving the advice that she received. * * *

"The judgment of the court in taking the property of plaintiff in error and giving it to the defendant in error was an act of charity to say the least of it, on the part of the court, which was unauthorized by any evidence in the case and by any principle of law or of equity known to our jurisprudence. If the court had wanted to have done an act of kindness for the plaintiff, he would have denied to the plaintiff in the court below any relief whatever, but would have referred her to her contract which she had made and would have advised her that she was fully protected under that, and that none of her rights had been invaded, and no wrong had been done to her directly or indirectly, either legal or equitable, of which she could complain and she would have been dismissed out of court and adjudged to pay the costs of the proceedings. But inasmuch as the defendant was willing to let her rescind the contract, however beneficial it was to her and however burdensome it was to him, then the court should have stopped there; but for the court to have gone further and put its hands in the plaintiff in error's pocket and take $150.00 of plaintiff in error's money and give it to the defendant in error, this was a little more than ordinary humanity could stand. We say that this act of taking plaintiff in error's money and giving it to the defendant in error without any just cause or without any legal or equitable ground is nothing more nor less than judicial robbery. * * *

"This he (plaintiff in error) was prevented from doing by advice of counsel (referring to counsel for defendant in error) who, according to the undisputed evidence in this case, had advised his client contrary to her own interest, and it appears that the inducement that he had in doing this is to have the trial court to give him $300 for the foolish advice which he had given his client."

"Then an able counselor (referring to counsel for defendant in error) appears upon the scene, and by advice not based upon an investigation she is induced to rescind or recede from this agreement."

"We are willing to concede that the advice which Mrs. Zapp's lawyer gave her was far more beneficial to Mr. Mossop than it was to Mrs. Zapp. It certainly saved Mr. Mossop over $2,000.00. It certainly cost Mrs. Zapp over $2,000.00.

"The plaintiff in error alleged that Mrs. Zapp's attorney was willing to recommend to Mrs. Zapp the purchase of the bonds if plaintiff in error would pay him a fee of $250.00, which plaintiff in error alleged that he refused to do. * * *

"On special exceptions of defendant in error this allegation was expunged under the order of the court. The record does not show this order of the court, but the defendant's answer shows that the allegation was erased. For this reason the court refused to hear any evidence on this issue, and hence no evidence was introduced in support of it."

That this language is improper and could serve no useful purpose in fairly presenting to this court the issues raised by this appeal must be fully recognized by the distinguished lawyer who signs appellant's brief. The greatest latitude should be allowed counsel in presenting their arguments in an appellate court; but whenever they allow their personal animosities to control them, and indulge in abuse or vilification of opposing counsel, or speak disrespectfully of the trial court, they exceed their rights and evidence a want of proper respect for the court in which such argument is presented. In a recent case in which we, upon our own motion, struck from the files of this court a motion for rehearing because it contained abusive and vituperative language in regard to opposing counsel, we said:

"We cannot permit the records of this court to be made a channel through which attorneys

.or parties may cast abuse and vilification upon each other, and our files cannot be used to preserve documents containing violent and abusive language of the kind contained in this motion. It evidences a lack of proper respect for this court for counsel to present to it a motion of this character, and such action might properly be treated and punished as contempt."

The motion filed by appellee in its abusive and vituperative language in reference to opposing counsel is on a par with the foregoing excerpts from appellant's brief, and we will permit neither of them to remain on file in this court. Attorneys who practice in this court must understand that we will never permit an argument to be made or filed in this court which, by its abuse of the trial court or of opposing counsel, shows a want of proper respect for the dignity of our courts, the agency created and commissioned by the people of the state to interpret and enforce their sovereign will as expressed in their laws, and all the power of this court will be exercised to secure a proper recognition and observance by attorneys of the rules of decorum necessary to an orderly and dignified administration of law by the courts.

The brief of appellant and the motion of appellee will both be stricken from the files of this court and returned to their respective authors, on the court's own motion. Appellant will be allowed 20 days in which to file a brief from which the objectionable language before quoted has been expunged.