## MOSSOP v. ZAPP. (No. 5700.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 23, 1916.)

APPEAL AND ERROR ☞767—BRIEFS—IMPROPER MATTER—SUFFICIENCY OF AMENDMENT.

Where the brief of the plaintiff in error, containing statements derogatory to the trial judge, was stricken, and plaintiff in error was required to file a new brief, merely filing copy of the old brief with ink smeared over the objectionable portions was insufficient to comply with the court's orders, the objectionable matter being legible in spite of the attempted obliteration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3102; Dec. Dig. ☞767.]

Error from District Court, Fayette County; Frank S. Roberts, Judge.

Action by Mrs. Isolda Zapp against Y. F. Mossop. Judgment for plaintiff, and defendant brings error. Brief of plaintiff in error stricken on the court's motion, and plaintiff in error given 20 days to file new brief. 179 S. W. 685. Transferred from the Court of Civil Appeals of the First Supreme Judicial District. Brief stricken from the files.

John T. Duncan, of La Grange, for plaintiff in error. C. D. Krause, of La Grange, for defendant in error.

CARL, J. This cause was transferred to this court from the Court of Civil Appeals for the First Supreme Judicial District (179 S. W. 685). While pending in that court, on the court's own motion, the brief for the plaintiff in error was stricken out, and 20 days allowed in which to file a brief expunging certain objectionable language contained in the original brief. Chief Justice Pleasants pointed out, in a written opinion, the objectionable language, which is a serious reflection on the trial judge; but, instead of complying therewith, a copy of the same brief was again filed, with ink smeared over the offensive portions. Every word of the language objected to is plainly discernible and, at best, this would be but an indifferent, not to say insolent, compliance with the court's order. After the brief, so mutilated, was refiled, the cause was transferred to this court, doubtless before this was called to the attention of that court. If the same may be termed a compliance at all, it is certainly not a respectful compliance with the court's order, and will not be tolerated by us.

In duty to this court, as well as to that of the First district, it is ordered that plaintiff in error's briefs be stricken out, on this court's own motion; and, unless new briefs shall be filed herein for the plaintiff in error within 20 days from this date, the cause will be dealt with as though no brief were on file for plaintiff in error.