**David Mark WINFIELD, Appellant,**

v.

**Sandra RENFRO, Appellee.**

No. 01–90–00388–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 31, 1990.

Tom Alexander, Houston, for appellant.

Earle S. Lilly, Houston, for appellee.

Before WARREN, DUGGAN and HUGHES, JJ.

## ON REQUEST FOR EMERGENCY STAY

WARREN, Justice.

Appellant David Mark Winfield has filed a "request for emergency stay" of an order appointing a receiver, signed by the trial court after it rendered final judgment in a divorce action involving Winfield and Sandra Renfro. We deny his request.

Winfield has filed six proceedings in this Court in connection with his divorce trial. In 1989, Winfield brought two interlocutory appeals and two original proceedings to this Court. We granted Winfield's motion to dismiss the first appeal. We dismissed the second for want of jurisdiction. Winfield later sought leave to file two separate original proceedings. We overruled both requests, one in a published opinion. *Winfield v. Daggett*, 775 S.W.2d 431 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding).

The trial court rendered its final judgment on March 29, 1990. Winfield filed a motion for new trial, which the trial court denied. Winfield has filed two separate sets of papers in this Court attacking the

trial court's disposition of its final judgment. In his first attack, Winfield moved to suspend the enforcement of the judgment, pursuant to Tex.R.App.P. 49. Winfield has not filed a supersedeas bond. We denied that motion with an unpublished order, because Winfield failed to show (1) that he would suffer irreparable harm in posting a supersedeas bond, and (2) that Renfro would not suffer substantial harm if the bond was not posted.

Winfield now complains of the trial court's order granting Renfro relief pending appeal. Renfro filed a "motion for relief pending appeal" in the trial court, in which she asked for the appointment of a receiver if Winfield did not post a supersedeas bond. On May 1, 1990, the trial court appointed a receiver "for the preservation and protection of [Winfield's] property pending appeal." The receiver was appointed under the statute governing temporary orders pending appeal in divorce cases. Tex.Fam.Code Ann. § 3.58(h)(3) (Vernon Supp.1990).

Winfield's request for an emergency stay of the receivership order was filed on May 4, 1990. On May 9, Winfield filed his "appellant's brief." We have not yet received a transcript of the proceedings below from the clerk's office. In ordinary appeals, when a motion for new trial has been filed, the transcript is due within 120 days after the judgment is signed. Tex.R.App.P. 54(a). In accelerated appeals from interlocutory orders, "when allowed by law," the appellate record is due 30 days after judgment, and the appellant's brief is due 20 days thereafter. Tex.R.App.P. 42(a). An interlocutory appeal from an order appointing a receiver is allowed by law. Tex.Civ.Prac. & Rem.Code Ann. § 51.014 (Vernon 1986). We process such appeals on an expedited basis, pursuant to Tex.R.App.P. 42(a).

This is not an accelerated interlocutory appeal. An interlocutory order, by definition, is one made pending the final disposition of the merits of the case. See, e.g., City of Corpus Christi v. Public Util. Comm'n, 572 S.W.2d 290, 297 (Tex.1978); Magnolia Petroleum Co. v. Jackson, 80 S.W.2d 388, 389 (Tex.Civ.App.—Texarkana

1934, no writ) (appointment of receiver following final judgment was not an interlocutory order entitled to precedence in submission and hearing). Because Winfield does not appeal from an interlocutory order, we will consider the receivership issues in conjunction with the other issues that Winfield will presumably raise in his appeal on the merits of the case.

Winfield cites no legal authority justifying his request that we stay the trial court's order appointing a receiver. Even if the order were interlocutory, we could not suspend it absent a showing that Winfield's rights would not be adequately protected by supersedeas. Tex.R.App.P. 43(c). The requirement of a supersedeas is equally binding when the order appointing a receiver is not interlocutory. See Tex.R. App.P. 47(f); see also Waters–Pierce Oil Co. v. State, 107 Tex. 1, 7, 106 S.W. 326, 330 (1907); Magnolia Petroleum Co., 80 S.W.2d at 389. We have previously rejected Winfield's attacks on the requirement of a supersedeas. In light of that earlier ruling, we will not suspend the enforcement of the judgment.

Accordingly, we deny Winfield's request for an emergency stay.