In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-07-197 CV


 ______________________


 

IN RE RUDYARD MERRIAM






Original Proceeding






OPINION


 Rudyard Merriam seeks a writ of mandamus compelling the trial court to vacate a
temporary order rendered during a pending appeal. (1) The order requires Merriam to pay
attorney's fees to Janice Marian Christ in the event Merriam's appeal in their divorce case
is unsuccessful. We deny relief in this original proceeding because appeal has not been
shown to be an inadequate remedy.

 Mandamus is available only when a trial court clearly abuses its discretion and there
is no adequate remedy on appeal. In re Kuntz, 124 S.W.3d 179, 180 (Tex. 2003). An
extraordinary remedy, mandamus would not be appropriate if the trial court's order can be
effectively challenged in an appeal. 

 Because there are no minor children of the marriage, the trial court's authority in this
case to issue a temporary order during appeal derives solely from section 6.709 of the Family
Code. See Tex. Fam. Code Ann. § 6.709(a)(2) (Vernon 2006) ("Temporary Orders During
Appeal"). (2) The statute provides that within thirty days of the date an appeal is perfected in
a suit for dissolution of marriage, the trial court may render a temporary order "necessary for
the preservation of the property and for the protection of the parties during the appeal,"
including requiring payment of reasonable attorney's fees and expenses. See id. Unlike the
corresponding statute governing temporary orders during appeal of a suit affecting the
parent-child relationship, and unlike the subchapter governing temporary orders during a
divorce suit, there is no statutory bar to an "interlocutory" appeal of a temporary order
rendered during the appeal in a suit only for dissolution of marriage. Compare Tex. Fam.
Code Ann. § 6.709 with Tex. Fam. Code Ann. § 109.001(c) (Vernon 2002) and Tex. Fam.
Code Ann. § 6.507 (Vernon 2006). 

 Rule 28.1 provides that "[a]n appeal from an interlocutory order, when allowed, will
be accelerated." See Tex. R. App. P. 28.1. A temporary order rendered pursuant to section
6.709 during an appeal is not "one made pending the final disposition of the merits of the
case" in the trial court. See Winfield v. Renfro, 792 S.W.2d 524, 525 (Tex. App.--Houston
[1st Dist.] 1990, no writ) (construing predecessor statute). In Winfield, the court concluded
a temporary order rendered during an appeal was not an "interlocutory" order, and deferred
consideration of the order until the appeal on the merits. See id. Section 109.001(c), a
separate statute dealing with temporary orders during the pendency of an appeal in a suit
affecting a parent-child relationship, expressly states that "[a] temporary order rendered
under this section is not subject to interlocutory appeal." See Tex. Fam. Code Ann. §
109.001(c). That provision is absent from section 6.709. See Tex. Fam. Code Ann. § 6.709. 
The provision in section 109.001(c) prohibiting an interlocutory appeal has been construed
to mean that an appellate court lacks jurisdiction, in the pending appeal, over a complaint
about the denial of a temporary order rendered during the appeal. See In re KM, No. 2-04-044-CV, 2004 WL 2569384 (Tex. App.--Fort Worth Nov. 12, 2004, pet. denied) (mem. op.)
(citing In re Gonzalez, 993 S.W.2d 147, 162 (Tex. App.--San Antonio 1999, no pet.), and
Johnson v. Johnson, 948 S.W.2d 835, 838 (Tex. App.--San Antonio 1997, writ denied)). 
That construction does not distinguish between an accelerated appeal and the pending appeal
from the final judgment, and does not address the statute's grant of authority to the appellate
court to supersede enforcement of an order rendered during the pending appeal. See
109.001(b) ("A court retains jurisdiction to enforce its orders rendered under this section
unless the appellate court, on a proper showing, supersedes the court's order."). Reviewing
the statute at issue here, we find no statutory prohibition of appeal, and no statutory grant of
an accelerated appeal of an order rendered under section 6.709 to pay attorney's fees during
an appeal. 

 Courts have addressed temporary orders rendered under section 6.709, or its
predecessor, with the pending appeal from the final judgment. See Love v. Bailey-Love, 217
S.W.3d 33, 34, 36 (Tex. App.--Houston [1st Dist.] 2006, no pet.); Walters v. Walters, No.
05-03-00469-CV, 2004 WL 2595846, at *1, 3-4 (Tex. App.--Dallas Nov. 16, 2004, no pet.)
(mem. op.); McAlister v. McAlister, 75 S.W.3d 481, 483 (Tex. App.--San Antonio 2002, pet.
denied); Grossnickle v. Grossnickle, 935 S.W.2d 830, 850 (Tex. App.--Texarkana 1996, writ
denied) (prior statute); Eikenhorst v. Eikenhorst, 746 S.W.2d 882, 890-91 (Tex. App.--Houston [1st Dist.] 1988, no writ) (prior statute). See also 6 Roy W. McDonald & Elaine
A. Grafton Carlson, Texas Civil Practice § 25.4[c] (2d ed. 1998) ("The few cases on
the subject have held that such orders are appealable with the final judgment.") (footnote
omitted). The court in Winfield decided to treat "the receivership issues" arising from a
temporary order, rendered under the predecessor to section 6.709, "in conjunction with the
other issues" to be raised in the "appeal on the merits of the case." Winfield, 792 S.W.2d at
525. The Winfield court noted that the statute (now section 6.709) makes no provision for
an accelerated appeal. See Winfield, 792 S.W.2d at 525. Nevertheless, courts have exercised
mandamus jurisdiction in appropriate circumstances to set aside temporary orders rendered
during appeal that exceed the trial court's statutory authority. See In re Garza, 153 S.W.3d
97, 100 (Tex. App.--San Antonio 2004, orig. proceeding) ("Mandamus is an appropriate
means to challenge temporary orders pending appeal."); In re Boyd, 34 S.W.3d 708, 711
(Tex. App.--Fort Worth 2000, orig. proceeding) ("Mandamus is the appropriate remedy when
a trial court enters a void order."). (3) 

 Section 6.709(b) authorizes the appellate court "on a proper showing" to supersede
the trial court's order rendered during the appeal. See Tex. Fam. Code Ann. § 6.709(b). A
"proper showing" can be made to the appellate court. Authorizing the appellate court to
supersede enforcement of the order suggests the appellate court may do so to allow review
of the order by the appellate court in the pending appeal. We see nothing in the statute that
deprives the appellate court of jurisdiction to consider the issue with the merits of the
pending appeal from the final judgment. 

 We conclude mandamus relief from a section 6.709 order is available, therefore, only
when the order constitutes an abuse of discretion and the pending appeal provides an
inadequate remedy. The appeal in some circumstances may provide an inadequate remedy
for an erroneous temporary order which requires immediate compliance during the appeal.
Section 6.709 provides for orders to protect the parties and the property during the appeal,
and therefore an order will typically require compliance during the pending appeal, unless
the appellate court supersedes enforcement of the order. In this case, however, the attorney's
fees are ordered payable "on or before thirty days from the date of either (1) an opinion from
the Court of Appeals which affirms the trial court's judgment or (2) an order overruling the
last timely filed motion for rehearing, if any, whichever is later." Addressing the trial court's
order as part of the appeal will not delay trial court proceedings. Furthermore, the record of
the trial may be helpful in addressing the issue presented. In this case, early review is
unnecessary and, under the terms of the order, the issue may be moot if the appeal is
successful. Because the order does not require Merriam to pay the attorney's fees until the
conclusion of an unsuccessful appeal, he will not be harmed if he is required to raise the issue
in his pending appeal from the final judgment. See, e.g., Love, 217 S.W.3d at 36. Under the
circumstances, Merriam has not shown appeal is an inadequate remedy. 

 We express no opinion on whether the trial court abused its discretion in ordering
Merriam to pay attorney's fees. The petition for writ of mandamus, filed April 17, 2007, is
denied only because there is an adequate remedy by appeal.




 PETITION DENIED.

 PER CURIAM


Submitted on April 27, 2007

Opinion Delivered June 7, 2007


Before Gaultney, Kreger, and Horton, JJ.
1. Pursuant to a docket equalization order from the Texas Supreme Court, the appeal
of the underlying cause was transferred to the Thirteenth District Court of Appeals. 
Mandamus proceedings are excluded from transfer orders.
2. The motion for temporary orders cited section 6.079 and section 109.001. See Tex.
Fam. Code Ann. §§ 6.709, 109.001 (Vernon 2006 & Vernon 2002).
3. In re Garza involved both section 109.001 and section 6.709. See In re Garza, 153
S.W.3d at 100-01. In re Boyd granted mandamus relief because the order under section
6.709 was rendered more than thirty days after the appeal had been perfected. See In re
Boyd, 34 S.W.3d at 711. The appellate court said it had previously denied a motion to
supersede the order, likely a motion filed in the appeal. Id. at 710.