ACCEPTED
01-15-00401-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/24/2015 3:17:06 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00401-CR

IN THE
FIRST COURT OF APPEALS
AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/24/2015 3:17:06 PM

CHRISTOPHER A. PRINE
Clerk

IN THE MATTER OF
DAVID CHRISTOPHER HESSE,
Appellant

## MOTION FOR SANCTIONS

TO THE HONORABLE JUDGES OF SAID COURT:

Appellant, David Christopher Hesse, moves for sanctions against Gail Kikawa McConnell, and shows:

1.     This motion is precipitated by allegations and statements contained within the State's Appellate Brief, signed by Ms. McConnell, which are false.

2.     Counsel has a duty of candor to this Court. See Tex. Disciplinary R. Prof. Conduct § 3.03, reprinted in Tex. Gov't Code Ann., Tit. 2, subtit. G, App. A (Vernon 2005) (Tex. State Bar R. art. X, § 9). "A lawyer shall not knowingly make a false statement of material fact … to a tribunal." *Id.* § 3.03(a)(1).  As will be shown, Ms. McConnell violated that duty to this Court.

3.     Because of the false statements and violations of her duty of

1

candor to this Court, Appellant feels compelled to bring these violations to the Court's attention.

**FACTUAL BASIS OF MOTION:**

4. Throughout the State's Brief, Ms. McConnell repeatedly states that Appellant requested a de novo hearing under § 21.002(d), Tex. Gov't Code. Nowhere in the contempt hearing of February 26, 2015, do the words, *de novo*, appear. See C.R. pp. 34 – 39. Nowhere in § 21.002(d), Tex. Gov't Code, does the statute state that the hearing is de novo. Instead, the statute states that the officer of the court shall be released pending a determination of his guilt or innocence. And, in light of the procedure mandated by ***Ex parte Pink***,[1] the trial in front of the judge to whom the contempt is assigned is to determine, in the first instance and not de novo, whether the officer of the court is or is not guilty of contempt.[2]

5. In the Statement of Facts, first paragraph, Ms. McConnell challenged all factual assertions contained in Appellant's Brief. Two of the

---

[1]     ***Ex parte Pink***, 645 S.W.2d 262, 263 (Tex. Crim. App. 1982). ⏏

[2]     Interestingly, nowhere in the State's Brief is ***Pink*** cited or distinguished or even argued not to be controlling. The only reference to ***Pink*** is when the State quotes from Appellant's Brief. This failure also violates the duty of candor, as an attorney is not free to turn a blind eye to the law. See ***Bradt v. West***, 892 S.W.2d 56, 79 (Tex.App.–Houston [1ST Dist.] 1994, writ denied).

factual assertions contained within Appellant's Brief are:

"The Commitment Orders were executed and Hesse was taken into custody by the Sheriff of Fort Bend County.[3]

After he was taken into custody, Hesse was booked in, processed, and then allowed to post a $500 personal recognizance bond.[4] No explanation is available as to why the Fort Bend County Sheriff made the bond in the penal sum of $500." (Appellant's Brief, Statement of Facts, page 5)

6.     Ms. McConnell's assertion is that "Appellant was escorted to the Fort Bend County Jail to process his personal recognizance bond." (State's Brief, Statement of Facts, p. 1) This argument ignores the Order of Commitment contained within the two Judgments of Contempt (C.R. pp. 6 – 11), the order pronounced by Judge Duggan that Appellant be taken into custody (C.R. p. 37, ll. 10 – 20), and the Record at C.R. p. 38, ll. 16 – 20, showing that Appellant was taken into custody.

7.     On page 2 of the State's Brief, Ms. McConnell states that "Appellant was not arrested, but detained and released after completing the Sheriff's procedures for recording a personal recognizance bond."

---

[3]     C.R. p. 250.

[4]     C.R. p. 247.

8.     Attached hereto, marked Exhibit 1 and incorporated by reference, for all intents and purposes as though set forth herein verbatim, is a Certified Copy of the Appellant's booking photograph taken February 26, 2015 at 15:16:59. Appellant requests the Court to take judicial notice of same.

9.     Appellant also directs the Court to the Personal Recognizance Bail Bond. (C.R. p. 247) While this document does not appear to bear a time stamp, it would not have been executed until after Appellant was fully booked and processed. And it does not reflect that it is a Non-Arrest Bail Bond.

**ARGUMENT AND AUTHORITY:**

10.     A court has inherent power to sanction bad faith conduct during the course of litigation that interferes with administration of justice or the preservation of the court's dignity and integrity. ***Onwuteaka v. Gill***, 908 S.W.2d 276, 280 (Tex.App.–Houston [1st Dist.] 1995, no writ); ***Metzger v. Sebek***, 892 S.W.2d 20, 51 (Tex.App.–Houston [1st Dist.] 1994, writ denied); *see* ***Eichelberger v. Eichelberger***, 582 S.W.2d 395, 399 (Tex.1979). And Courts possess inherent power to discipline an attorney's behavior. See ***Merrell Dow Pharm., Inc. v. Havner***, 953 S.W.2d 706, 732 (Tex.1997) (order on mot. for reh'g).

11.     Counsel should be allowed great latitude in presenting argument

to the Court. See *In re Maloney*, 949 S.W.2d 385, 388 (Tex.App.-San Antonio 1997) (en banc) (per curiam). However, that latitude is not unrestricted. See *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 732 (Tex.1997) (order on mot. for reh'g); *In re Maloney*, 949 S.W.2d at 388. Deliberately misstating facts demeans the integrity of the judicial system and violates the rules of professional conduct. No Court has countenanced an attorney deliberately misstating operative facts.

12. The fact that there is a booking photograph of Appellant within the records of the Fort Bend County Jail, conclusively proves that Appellant was arrested. To book someone means to record the name of (a person arrested) in a sequential list of police arrests, with details of the person's identity (usually including a photograph and a fingerprint), particulars about the alleged offense, and the name of the arresting officer <the defendant was booked immediately after arrest>. Source: Black's Law Dictionary (10th ed. 2014).

13. Ms. McConnell's Statement of Fact, that Appellant was "escorted" to the Fort Bend County Jail, is disingenuous at best. To escort, as a verb, means to attend or accompany as an escort. Source: Random House Dictionary, © Random House, Inc. 2015. By using the term, "escorted", Ms.

5

McConnell implies that Appellant was walked over to the Fort Bend County Jail. No. Appellant was taken into custody by the bailiff, taken through the inner bowels of the Fort Bend County Courthouse and the tunnel to the Fort Bend County Jail, there to be booked, fingerprinted and photographed. He was in custody, under arrest. A person is in "custody" only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest. ***Stansbury v. California***, 511 U.S. 318– 320 - 324 (1994). No one would believe that anyone on the other side of the bars in the Fort Bend County Jail was not under arrest.

**REQUESTED RELIEF:**

14.     In light of the deliberate misstatements made in the State's Brief, this Court should hold a hearing and require the State to show cause, if any it has, as to why its Brief should not be stricken and the State ordered to replead. Further, at the hearing this Court should determine what sanctions to impose of Ms. McConnell for the violations of her ethical duties to this Court, including her duty of candor, as set forth above. This Court should grant David Christopher Hesse general relief.

Respectfully submitted,

/s/ L.T. "Butch" Bradt
L.T. "Butch" Bradt #02841600
14015 Southwest Freeway, Suite 4
Sugar Land, Texas 77478-3500
(281) 201-0700
Fax: (281) 201-1202
ltbradt@flash.net

Michael Mowla #24048680
445 E. FM 1382 #3-718
Cedar Hill, Texas 75104
(972) 795-2401
Fax: (972) 692-6636
michael@mowlalaw.com

Attorneys for Appellant,
David Christopher Hesse

## CERTIFICATE OF SERVICE

I, the undersigned attorney, in accordance with the Rule 9.5, T.R.A.P., certify that a true and correct copy of the foregoing Brief was delivered to:

Gail Kikawa McConnell, Ass't District Attorney
301 Jackson Street, Room 101
Richmond, TX 77469
Gail.McConnell@fortbendcountytx.gov

On July 24, 2015.

/s/ L.T. "Butch" Bradt
L.T. "Butch" Bradt

7