In re Rudyard MERRIAM.

No. 09–07–197 CV.

Court of Appeals of Texas, Beaumont.

Submitted April 27, 2007.

Decided June 7, 2007.

John E. Choate, Jr., Conroe, for relator.

Sallee S. Smyth, Short & Jenkins, LLP, Kent W. Shriver, Shriver & McLean, LLP, The Woodlands, for real party in interest.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

PER CURIAM.

Rudyard Merriam seeks a writ of mandamus compelling the trial court to vacate a temporary order rendered during a pending appeal.[1] The order requires Merriam to pay attorney's fees to Janice Marian Christ in the event Merriam's appeal in their divorce case is unsuccessful. We deny relief in this original proceeding because appeal has not been shown to be an inadequate remedy.

■  Mandamus is available only when a trial court clearly abuses its discretion and there is no adequate remedy on appeal. *In re Kuntz*, 124 S.W.3d 179, 180 (Tex. 2003). An extraordinary remedy, mandamus would not be appropriate if the trial court's order can be effectively challenged in an appeal.

Because there are no minor children of the marriage, the trial court's authority in this case to issue a temporary order during appeal derives solely from section

6.709 of the Family Code. *See* TEX. FAM. CODE ANN. § 6.709(a)(2) (Vernon 2006) ("Temporary Orders During Appeal").[2] The statute provides that within thirty days of the date an appeal is perfected in a suit for dissolution of marriage, the trial court may render a temporary order "necessary for the preservation of the property and for the protection of the parties during the appeal," including requiring payment of reasonable attorney's fees and expenses. *See id.* Unlike the corresponding statute governing temporary orders during appeal of a suit affecting the parent-child relationship, and unlike the subchapter governing temporary orders during a divorce suit, there is no statutory bar to an "interlocutory" appeal of a temporary order rendered during the appeal in a suit only for dissolution of marriage. *Compare* TEX. FAM.CODE ANN. § 6.709 *with* TEX. FAM.CODE ANN. § 109.001(c) (Vernon 2002) and TEX. FAM.CODE ANN. § 6.507 (Vernon 2006).

■  Rule 28.1 provides that "[a]n appeal from an interlocutory order, when allowed, will be accelerated." *See* TEX. R.APP. P. 28.1. A temporary order rendered pursuant to section 6.709 during an appeal is not "one made pending the final disposition of the merits of the case" in the trial court. *See Winfield v. Renfro*, 792 S.W.2d 524, 525 (Tex.App.-Houston [1st Dist.] 1990, no writ) (construing predecessor statute). In *Winfield*, the court concluded a temporary order rendered during an appeal was not an "interlocutory" order, and deferred consideration of the order until the appeal on the merits. *See id.* Section 109.001(c), a separate statute dealing with temporary orders during the pen-

---

1. Pursuant to a docket equalization order from the Texas Supreme Court, the appeal of the underlying cause was transferred to the Thirteenth District Court of Appeals. Mandamus proceedings are excluded from transfer orders.

2. The motion for temporary orders cited section 6.079 and section 109.001. *See* TEX. FAM. CODE ANN. §§ 6.709, 109.001 (Vernon 2006 & Vernon 2002).

dency of an appeal in a suit affecting a parent-child relationship, expressly states that "[a] temporary order rendered under this section is not subject to interlocutory appeal." *See* TEX. FAM.CODE ANN. § 109.001(c). That provision is absent from section 6.709. *See* TEX. FAM.CODE ANN. § 6.709. The provision in section 109.001(c) prohibiting an interlocutory appeal has been construed to mean that an appellate court lacks jurisdiction, in the pending appeal, over a complaint about the denial of a temporary order rendered during the appeal. *See In re K.M.*, No. 2–04–044–CV, 2004 WL 2569384 (Tex.App.-Fort Worth Nov. 12, 2004, pet. denied) (mem. op.) (citing *In re Gonzalez*, 993 S.W.2d 147, 162 (Tex.App.-San Antonio 1999, no pet.), and *Johnson v. Johnson*, 948 S.W.2d 835, 838 (Tex.App.-San Antonio 1997, writ denied)). That construction does not distinguish between an accelerated appeal and the pending appeal from the final judgment, and does not address the statute's grant of authority to the appellate court to supersede enforcement of an order rendered during the pending appeal. *See* 109.001(b) ("A court retains jurisdiction to enforce its orders rendered under this section unless the appellate court, on a proper showing, supersedes the court's order."). Reviewing the statute at issue here, we find no statutory prohibition of appeal, and no statutory grant of an accelerated appeal of an order rendered under section 6.709 to pay attorney's fees during an appeal.

Courts have addressed temporary orders rendered under section 6.709, or its predecessor, with the pending appeal from the final judgment. *See Love v. Bailey–Love*, 217 S.W.3d 33, 34, 36 (Tex.App.-Houston [1st Dist.] 2006, no pet.); *Walters v. Walters*, No. 05–03–00469–CV, 2004 WL 2595846, at *1, 3–4 (Tex.App.-Dallas Nov.16, 2004, no pet.) (mem.op.); *McAlister v. McAlister*, 75 S.W.3d 481, 483 (Tex. App.-San Antonio 2002, pet. denied); *Grossnickle v. Grossnickle*, 935 S.W.2d 830, 850 (Tex.App.-Texarkana 1996, writ denied) (prior statute); *Eikenhorst v. Eikenhorst*, 746 S.W.2d 882, 890–91 (Tex.App.-Houston [1st Dist.] 1988, no writ) (prior statute). *See also* 6 ROY W. MCDONALD & ELAINE A. GRAFTON CARLSON, TEXAS CIVIL PRACTICE § 25.4[c] (2d ed. 1998) ("The few cases on the subject have held that such orders are appealable with the final judgment.") (footnote omitted). The court in *Winfield* decided to treat "the receivership issues" arising from a temporary order, rendered under the predecessor to section 6.709, "in conjunction with the other issues" to be raised in the "appeal on the merits of the case." *Winfield*, 792 S.W.2d at 525. The *Winfield* court noted that the statute (now section 6.709) makes no provision for an accelerated appeal. *See Winfield*, 792 S.W.2d at 525. Nevertheless, courts have exercised mandamus jurisdiction in appropriate circumstances to set aside temporary orders rendered during appeal that exceed the trial court's statutory authority. *See In re Garza*, 153 S.W.3d 97, 100 (Tex.App.-San Antonio 2004, orig. proceeding) ("Mandamus is an appropriate means to challenge temporary orders pending appeal."); *In re Boyd*, 34 S.W.3d 708, 711 (Tex.App.-Fort Worth 2000, orig. proceeding) ("Mandamus is the appropriate remedy when a trial court enters a void order.").[3]

■ Section 6.709(b) authorizes the appellate court "on a proper showing" to

---

**3.** *In re Garza* involved both section 109.001 and section 6.709. *See In re Garza*, 153 S.W.3d at 100–01. *In re Boyd* granted mandamus relief because the order under section 6.709 was rendered more than thirty days after the appeal had been perfected. *See In re Boyd*, 34 S.W.3d at 711. The appellate court said it had previously denied a motion to supersede the order, likely a motion filed in the appeal. *Id.* at 710.

supersede the trial court's order rendered during the appeal. *See* TEX. FAM.CODE ANN. § 6.709(b). A "proper showing" can be made to the appellate court. Authorizing the appellate court to supersede enforcement of the order suggests the appellate court may do so to allow review of the order by the appellate court in the pending appeal. We see nothing in the statute that deprives the appellate court of jurisdiction to consider the issue with the merits of the pending appeal from the final judgment.

We conclude mandamus relief from a section 6.709 order is available, therefore, only when the order constitutes an abuse of discretion and the pending appeal provides an inadequate remedy. The appeal in some circumstances may provide an inadequate remedy for an erroneous temporary order which requires immediate compliance during the appeal. Section 6.709 provides for orders to protect the parties and the property during the appeal, and therefore an order will typically require compliance during the pending appeal, unless the appellate court supersedes enforcement of the order. In this case, however, the attorney's fees are ordered payable "on or before thirty days from the date of either (1) an opinion from the Court of Appeals which affirms the trial court's judgment or (2) an order overruling the last timely filed motion for rehearing, if any, whichever is later." Addressing the trial court's order as part of the appeal will not delay trial court proceedings. Furthermore, the record of the trial may be helpful in addressing the issue presented. In this case, early review is unnecessary and, under the terms of the order, the issue may be moot if the appeal is successful. Because the order does not require Merriam to pay the attorney's fees until the conclusion of an unsuccessful appeal, he will not be harmed if he is required to raise the issue in his pending appeal from the final judgment. *See, e.g.,*

*Love,* 217 S.W.3d at 36. Under the circumstances, Merriam has not shown appeal is an inadequate remedy.

We express no opinion on whether the trial court abused its discretion in ordering Merriam to pay attorney's fees. The petition for writ of mandamus, filed April 17, 2007, is denied only because there is an adequate remedy by appeal.

PETITION DENIED.