02-11-238&259-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

NO. 02-11-00238-CV


 


 
 
 Aimee Delyn
 Halleman
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Edward Charles
 Halleman
 
 
  
 
 
 APPELLEE 
 
 


 

------------

 

FROM THE 16th District Court OF Denton COUNTY

------------

AND

 

NO. 02-11-00259-CV

 

 


 
 
 In re Aimee Delyn
 Halleman
 
 
  
 
 
 RELATOR
 
 


 

 

------------

 

ORIGINAL PROCEEDING

------------

 

MEMORANDUM OPINION[1]

------------

I.            
Introduction

In three issues in her petition for writ of mandamus
in cause number 02-11-00259-CV, Relator Aimee Delyn Halleman asks this court
for relief from Respondent the Honorable Carmen Rivera-Worley’s temporary order
requiring her to pay $95,000 into the trial court’s registry for Real Party in
Interest (RPI) Edward Charles Halleman’s attorney’s fees on appeal.  We
conditionally grant the writ of mandamus, directing Respondent to modify her
order.  We dismiss the appeal of the same order, in cause number 02-11-00238-CV,
for want of jurisdiction.

II.          
Factual and Procedural
Background

The underlying lawsuit is a divorce; Respondent signed
the divorce decree on April 29, 2011, awarding, among other things, the
exclusive right to designate the parties’ minor child’s primary residence to
RPI and a $50,000 judgment for RPI against Relator “for reasonable and
necessary attorney’s fees incurred by him in obtaining orders pertaining to the
child the subject of this suit.”  Relator filed a motion for new trial on May
26, 2011, and filed her notice of appeal of the trial court’s judgment on May
27, 2011, in cause number 02-11-00184-CV, which is still pending in this court.

A. Temporary Orders—Background

On June 9, 2011, RPI requested a temporary order
pending appeal “requiring payment of reasonable attorney’s fees and expenses to
[him], including but not limited to the payment of interim attorney’s fees
pending the appeal.”  He requested the order under both family code sections
6.709 and 109.001.  See Tex. Fam. Code Ann. § 6.709 (West 2006), § 109.001
(West 2008).  On June 15, 2011, Respondent held a hearing on RPI’s motion.

At the June 15, 2011 hearing, RPI called his appellate
counsel to testify about his estimated reasonable and necessary attorney’s fees
for each stage of the appeal, from defending against the motion for new trial
to filing a brief in the Texas Supreme Court.  RPI then testified that he was
unemployed when the trial court addressed the parties’ marital property
division in December 2010 and that he remained unemployed.  RPI also testified
that he had not received any of the $50,000 Respondent had awarded to him in
the divorce decree and that his family helped him pay his bills.

Relator testified that her annual salary as a human
resources generalist was $42,000 and her net monthly income was $2,207.02 after
subtracting taxes, child support ($552 monthly), and the child’s monthly health
insurance ($100).  Her monthly bills totaled $2,390, and she owed $8,000 on her
credit card, in addition to the $50,000 judgment entered against her by
Respondent in favor of RPI.  Her assets included her 401(k) and her personal
items awarded to her in the divorce.  Relator stated that, based on her net
monthly income and expenses, in addition to the debts divided in the divorce,
she did not have the ability to pay the $50,000 judgment awarded to RPI for
attorney’s fees.

On cross-examination, Relator agreed that she still
worked for her mother’s company but that her mother, the company’s president,
did not have any influence over her salary.  Relator also said that she lived
alone in a home paid for and owned by her mother and that she had sold her car after
the divorce and now drove her mother’s car.  Relator stated that her mother had
paid Relator’s appellate attorneys a retainer of approximately $25,000 and that
her mother would pay for the other costs of her appeal but that she had to pay
her mother back.

On June 17, 2011, Respondent ordered Relator to pay
$95,000 into the court’s registry by July 17, 2011, for RPI’s attorney’s fees
on appeal.  Relator then filed a notice of appeal from Respondent’s order, in
cause number 02-11-00238-CV, and a motion to suspend temporary orders pending
appeal or to set a supersedeas bond for the order.  Respondent held a hearing
on the motion to suspend temporary orders pending appeal on July 8, 2011.

At the July 8, 2011 hearing, Relator again testified
that her net monthly after-tax income was $2,859.02 and that she had to pay
$552 each month in child support and $100 each month for the child’s health insurance. 
Deducting child support and the child’s insurance left her with $2,207.02 as
her net monthly income, and her approximate monthly living expenses—electricity
bill, groceries, transportation, cable bill, water bill, credit card payment, items
for the child, clothing, house maintenance, and rent—totaled $2,390 per month.

Relator testified that while her mother was the
president of the company Relator worked for, her mother worked for the CEO, and
Relator worked directly for the director of human resources, so her mother had
“no control whatsoever” over Relator’s compensation or her employment at the
company.  Relator also said that her mother loaned her the money to pay her
appellate attorneys’ retainer, that she had been asked to pay her mother back “as
much as [she] possibly can,” and that her mother’s expectation was that Relator
would pay her back.  Respondent denied Relator’s motion to suspend temporary
orders pending appeal or to set supersedeas bond.  Relator then filed her
petition for writ of mandamus, a request for temporary emergency relief, and a
“motion for emergency relief ancillary to appeal from temporary orders pending
appeal.”[2]

B. Temporary Orders—Terms 

In its June 17, 2011 order, Respondent set out seven
different items conditioning various amounts of money to be remitted to either
RPI or Relator in the event of various occurrences:

1.       $15,000
from Relator to RPI’s attorney if her motion for new trial is resolved through
court hearings and litigation.[3]

 

2.       $50,000
to RPI from the registry if RPI files a brief in the court of appeals and the
court of appeals renders an opinion affirming in whole or in part the judgment
rendered by the trial court.

 

3.       $50,000
to Relator from the registry if RPI fails to file a brief in the court of
appeals and the court of appeals renders an opinion reversing the trial court’s
judgment.

 

4.       $10,000
to RPI from the registry if the Texas Supreme Court denies a petition for
review filed by Relator and RPI files a reply pursuant to a request by the
supreme court.

 

5.       $10,000
to Relator from the registry if the Texas Supreme Court grants her petition for
review.

 

6.       $35,000
to RPI from the registry if RPI files a brief in the supreme court pursuant to
a request for full briefing and renders an opinion affirming in whole or in
part the judgment of the court of appeals.

 

7.       $35,000
to Relator from the registry if RPI fails to file a brief in the supreme court
despite a request for full briefing and the supreme court renders an opinion
reversing the court of appeals’s judgment.

 

III.         
Analysis

In her second issue, Relator asks us to allow her to supersede
the June 17, 2011 order and asks us what bond amount should be set in light of
her negative net worth.  In her third issue, she asks us to conclude that Respondent
abused her discretion by ordering her to pay $95,000 in RPI’s attorney’s fees
on appeal and to prepay that amount into the court’s registry and requests that
we set aside the order.[4]

A. Standard of Review and Applicable Law

Mandamus is proper to correct a clear abuse of
discretion when there is no adequate remedy by appeal.  CMH Homes v. Perez,
340 S.W.3d 444, 452–53 (Tex. 2011) (stating that it is the court’s practice,
when confronted with parallel mandamus and appeal proceedings, to consolidate
the two proceedings and render a decision disposing of both simultaneously).

Under family code section 6.709, the trial court can
render a temporary order “necessary for the preservation of the property and
for the protection of the parties during the appeal, including an order to: . .
. (2) require the payment of reasonable attorney’s fees and expenses.”  Tex.
Fam. Code Ann. § 6.709(a)(2).  Family code section 109.001 contains similar
language but applies “to preserve and protect the safety and welfare of the
child during the pendency of the appeal as the court may deem necessary and
equitable”; the statute also includes a provision stating that a temporary
order under section 109.001 is not subject to interlocutory appeal.  Id.
§ 109.001(a)(5),(c).  It also seems that a temporary order under section 6.709
may not be subject to interlocutory appeal either, although there is no
corresponding statutory provision prohibiting it.  See In re Merriam,
228 S.W.3d 413, 414, 416 (Tex. App.—Beaumont 2007, orig. proceeding)
(construing petition as brought under section 6.709 because no minor children
were involved, denying petition because there was an adequate remedy by appeal,
and noting the circumstances under which mandamus relief would have been
available under section 6.709); see also Marcus v. Smith, 313 S.W.3d
408, 416 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding) (stating that
the court lacked jurisdiction over a direct appeal of award of appellate
attorney’s fees under section 109.001).  Therefore, we dismiss the appeal in
cause number 02-11-00238-CV.

B. Orders

RPI testified that he was unemployed in December 2010
and was still unemployed at the time of the first hearing in June 2011 and that
his family helped him pay his bills.  Therefore, Respondent had the discretion
to issue a temporary order “necessary for the . . . protection of the parties
during the appeal,” which includes requiring the payment of reasonable
attorney’s fees and expenses.  See Tex. Fam. Code Ann. § 6.709(a)(2). 
Further, in the divorce decree, Respondent gave RPI the exclusive right to
designate the parties’ minor child’s primary residence, as well as a $50,000
judgment against Relator “for reasonable and necessary attorney’s fees incurred
by him in obtaining orders pertaining to the child the subject of this suit,”
which Relator had not paid as of the June 15 hearing.  Therefore, Respondent also
had the discretion to issue a temporary order “necessary to preserve and
protect the safety and welfare of the child during the pendency of the appeal,”
which includes requiring payment of reasonable attorney’s fees and expenses.  See
id. § 109.001(a)(5); Marcus, 313 S.W.3d at 418 (stating that
under section 109.001, evidence is sufficient to justify appellate attorney’s
fees to preserve and protect the safety and welfare of the child when the
recipient of the fees has primary responsibility for the child and for the
care, upkeep of, and debt on the child’s principal home).  Thus, we must next
examine whether the mechanism for paying these fees constitutes an abuse of
discretion.

Respondent based the monetary amounts set out in the
terms of the order on RPI’s appellate counsel’s testimony at the June 15
hearing.  However, at the June 15 hearing, and again at the July 8 hearing,
Respondent also heard Relator testify that her income, as compared to her
expenses, fell well below the ability to pay $95,000 into the trial court’s
registry.  Although we defer to the trial court’s determination of witness credibility,
nothing in the record indicates that Relator has the ability to pay this amount
or any other.  See Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992)
(orig. proceeding) (stating that with respect to resolution of factual issues,
the reviewing court may not substitute its judgment for that of the trial
court, and that the relator must establish that the trial court could
reasonably have reached only one decision).  Compare Marcus, 313  S.W.3d
at 418 (denying petition for writ of mandamus when record did not show that the
trial court acted arbitrarily or unreasonably by determining that Smith’s award
of appellate attorney’s fees during the pendency of appeal would help preserve
the welfare of the child), with Herschberg v. Herschberg, 994 S.W.2d 273,
275, 279 (Tex. App.—Corpus Christi 1999, orig. proceeding) (granting
conditional mandamus relief and ordering trial court to vacate its order for
attorney’s fees when the evidence at the hearing showed that the amount payable
to the ex-wife was beyond ex-husband’s ability to pay).  Therefore, we conclude
that Respondent abused her discretion by ordering Relator to prepay $95,000
into the trial court’s registry, and we sustain part of Relator’s third issue. 
Cf. In re Pirelli Tire, 247 S.W.3d 670, 686 (Tex. 2007) (orig.
proceeding) (stating that mandamus will not lie when the record contains
legally sufficient evidence both against and in support of the trial court’s
decision).

Mandamus relief is available from a section 6.709
order only when the order constitutes an abuse of discretion and the pending
appeal provides an inadequate remedy.  Merriam, 228 S.W.3d at 416.  In Merriam,
the ex-husband in a divorce appeal brought a petition for writ of mandamus
regarding an order requiring him to pay his ex-wife’s attorney’s fees in the
event his appeal was unsuccessful.  Id. at 414.  The Beaumont court
concluded that mandamus relief should be denied because the ex-husband had an
adequate remedy by appeal when the order provided that attorney’s fees were
payable “on or before thirty days from the date of either (1) an opinion from
the Court of Appeals which affirms the trial court’s judgment or (2) an order
overruling the last timely filed motion for rehearing, if any whichever is
later.”  Id. at 414, 416.  Because the order did not require the
ex-husband to pay the attorney’s fees until the conclusion of an unsuccessful
appeal, he had an adequate remedy by appeal; the court did not address whether
the trial court abused its discretion by ordering him to pay the attorney’s
fees.  Id. at 416; cf. Marcus, 313 S.W.3d at 418 (“An
unconditional award of appellant’s appellate attorney’s fees is improper, and a
trial court must condition the award upon the appellant’s unsuccessful
appeal.”).

Here, Respondent required Relator to prepay $95,000
into the court’s registry before this court renders judgment in the appeal.  Because
the record reflects that Relator does not have the funds available to prepay
$95,000 into the trial court’s registry, and, thus, that the trial court’s
order would, in effect, preclude her right to appeal, we conclude that she does
not have an adequate remedy by appeal.[5] 
See In re Ford Motor Co., 988 S.W.2d 714, 721, 723 (Tex. 1998) (orig.
proceeding) (concluding that the trial court abused its discretion by awarding
appellate attorney’s fees without conditioning the fee award on the outcome of
the appellate court proceedings and stating that appeal is not an adequate
remedy when a court imposes a monetary penalty on a party’s prospective
exercise of its legal rights); Braden v. Downey, 811 S.W.2d 922, 929
(Tex. 1991) (orig. proceeding) (noting the chilling effect monetary sanctions
can have on a party’s continuation of litigation); cf. Merriam,
228 S.W.3d at 414, 416.

Because the attorney’s fees will not be payable to RPI,
if at all, until this court renders a judgment in the appeal, we conditionally grant
the writ of mandamus for Respondent to vacate the provisions in the current
order requiring the immediate deposit of $95,000 into the trial court’s
registry and allocating funds to Relator and RPI from that deposit for various
stages of the appeal, and to substitute the following conditional language:

Edward Charles
Halleman will be entitled to $50,000 upon issuance of the mandate in connection
with the appeal if he files a brief in the court of appeals and the court of
appeals affirms the trial court’s entire judgment.  Further, he will be
entitled to $10,000 following the Texas Supreme Court’s final judgment denying
a petition for review filed by Aimee Delyn Halleman in connection with the
appeal if Edward Charles Halleman files a reply to Aimee Delyn Halleman’s
petition for review pursuant to a request by the supreme court.  Edward Charles
Halleman will be entitled to $35,000 following the rendition of judgment by the
Texas Supreme Court if he files a brief pursuant to the supreme court’s request
for full briefing and the supreme court renders an opinion affirming the court
of appeals’s judgment in whole.

 

See, e.g., Keith v. Keith, 221 S.W.3d 156, 171–72 (Tex. App.—Houston [1st
Dist.] 2006, no pet.) (modifying judgment to make an award of appellate attorney’s
fees contingent upon the receiving party’s success on appeal).

In short, RPI will only be entitled to conditional
appellate attorney’s fees, and Relator will not be required to deposit $95,000
into the court’s registry in order to continue with her appeal.  See In re
Garza, 153 S.W.3d 97, 99 (Tex. App.—San Antonio 2004, orig. proceeding); Hughes
v. Habitat Apartments, 828 S.W.2d 794, 795 (Tex. App.—Dallas 1992, no writ). 
We do not reach Relator’s second issue.  See Tex. R. App. P. 47.1.

 

 

 

 

 

 

IV.        
Conclusion

Having sustained Relator’s third issue in part, we conditionally
grant mandamus relief, and we dismiss the appeal in cause number 02-11-00238-CV
for want of jurisdiction.  We lift the July 18, 2011 stay on the order as
modified.

 

 

                                                                             BOB
MCCOY

                                                                             JUSTICE

 

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

 

DELIVERED:  November 3, 2011









[1]See
Tex. R. App. P. 47.4.





[2]This
court’s order granting the stay in the mandamus proceeding acknowledges that
the motion in the appeal requests the same relief.





[3]Both
parties waived a hearing on Relator’s motion for new trial; this $15,000 is
separate from the $95,000 ordered deposited into the court’s registry and is
not part of the issue under review.





[4]In
her first issue, Relator asks for temporary emergency relief to stay the order
during the pendency of this proceeding.  Because we have already granted
temporary emergency relief, we need not further address Relator’s first issue.





[5]Further,
under item two, of the order, RPI will be entitled to $50,000 of the $95,000 if
he files a brief in this court and we affirm in whole or in part Respondent’s
judgment, and under item three, Relator will be entitled to a return of the
$50,000 if RPI does not file a brief in this court and we reverse Respondent’s
judgment.  However, it seems unlikely that either party will contest the
portion of Respondent’s judgment granting the divorce, and the resulting affirmance
of that portion of the judgment will commit Relator to pay $50,000 if RPI files
a brief.  Even if he does not file a brief, Relator will still not be entitled
to a return of $50,000 of the $95,000 if this court affirms the portion of the
judgment granting the divorce.