

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00238-CV

AIMEE DELYN HALLEMAN                                    APPELLANT

V.

EDWARD CHARLES HALLEMAN                                 APPELLEE

-----------

## FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

-----------

**AND**

### NO. 02-11-00259-CV

IN RE AIMEE DELYN HALLEMAN                              RELATOR

-----------

ORIGINAL PROCEEDING

-----------

## MEMORANDUM OPINION[1]

-----------

[1]*See* Tex. R. App. P. 47.4.

## I.      Introduction

In three issues in her petition for writ of mandamus in cause number 02-11-00259-CV, Relator Aimee Delyn Halleman asks this court for relief from Respondent the Honorable Carmen Rivera-Worley's temporary order requiring her to pay $95,000 into the trial court's registry for Real Party in Interest (RPI) Edward Charles Halleman's attorney's fees on appeal.  We conditionally grant the writ of mandamus, directing Respondent to modify her order.  We dismiss the appeal of the same order, in cause number 02-11-00238-CV, for want of jurisdiction.

## II.      Factual and Procedural Background

The underlying lawsuit is a divorce; Respondent signed the divorce decree on April 29, 2011, awarding, among other things, the exclusive right to designate the parties' minor child's primary residence to RPI and a $50,000 judgment for RPI against Relator "for reasonable and necessary attorney's fees incurred by him in obtaining orders pertaining to the child the subject of this suit."  Relator filed a motion for new trial on May 26, 2011, and filed her notice of appeal of the trial court's judgment on May 27, 2011, in cause number 02-11-00184-CV, which is still pending in this court.

### A. Temporary Orders—Background

On June 9, 2011, RPI requested a temporary order pending appeal "requiring payment of reasonable attorney's fees and expenses to [him], including but not limited to the payment of interim attorney's fees pending the

appeal." He requested the order under both family code sections 6.709 and 109.001. *See* Tex. Fam. Code Ann. § 6.709 (West 2006), § 109.001 (West 2008). On June 15, 2011, Respondent held a hearing on RPI's motion.

At the June 15, 2011 hearing, RPI called his appellate counsel to testify about his estimated reasonable and necessary attorney's fees for each stage of the appeal, from defending against the motion for new trial to filing a brief in the Texas Supreme Court. RPI then testified that he was unemployed when the trial court addressed the parties' marital property division in December 2010 and that he remained unemployed. RPI also testified that he had not received any of the $50,000 Respondent had awarded to him in the divorce decree and that his family helped him pay his bills.

Relator testified that her annual salary as a human resources generalist was $42,000 and her net monthly income was $2,207.02 after subtracting taxes, child support ($552 monthly), and the child's monthly health insurance ($100). Her monthly bills totaled $2,390, and she owed $8,000 on her credit card, in addition to the $50,000 judgment entered against her by Respondent in favor of RPI. Her assets included her 401(k) and her personal items awarded to her in the divorce. Relator stated that, based on her net monthly income and expenses, in addition to the debts divided in the divorce, she did not have the ability to pay the $50,000 judgment awarded to RPI for attorney's fees.

On cross-examination, Relator agreed that she still worked for her mother's company but that her mother, the company's president, did not have

3

any influence over her salary. Relator also said that she lived alone in a home paid for and owned by her mother and that she had sold her car after the divorce and now drove her mother's car. Relator stated that her mother had paid Relator's appellate attorneys a retainer of approximately $25,000 and that her mother would pay for the other costs of her appeal but that she had to pay her mother back.

On June 17, 2011, Respondent ordered Relator to pay $95,000 into the court's registry by July 17, 2011, for RPI's attorney's fees on appeal. Relator then filed a notice of appeal from Respondent's order, in cause number 02-11-00238-CV, and a motion to suspend temporary orders pending appeal or to set a supersedeas bond for the order. Respondent held a hearing on the motion to suspend temporary orders pending appeal on July 8, 2011.

At the July 8, 2011 hearing, Relator again testified that her net monthly after-tax income was $2,859.02 and that she had to pay $552 each month in child support and $100 each month for the child's health insurance. Deducting child support and the child's insurance left her with $2,207.02 as her net monthly income, and her approximate monthly living expenses—electricity bill, groceries, transportation, cable bill, water bill, credit card payment, items for the child, clothing, house maintenance, and rent—totaled $2,390 per month.

Relator testified that while her mother was the president of the company Relator worked for, her mother worked for the CEO, and Relator worked directly for the director of human resources, so her mother had "no control whatsoever"

4

over Relator's compensation or her employment at the company. Relator also said that her mother loaned her the money to pay her appellate attorneys' retainer, that she had been asked to pay her mother back "as much as [she] possibly can," and that her mother's expectation was that Relator would pay her back. Respondent denied Relator's motion to suspend temporary orders pending appeal or to set supersedeas bond. Relator then filed her petition for writ of mandamus, a request for temporary emergency relief, and a "motion for emergency relief ancillary to appeal from temporary orders pending appeal."[2]

## B. Temporary Orders—Terms

In its June 17, 2011 order, Respondent set out seven different items conditioning various amounts of money to be remitted to either RPI or Relator in the event of various occurrences:

1.    $15,000 from Relator to RPI's attorney if her motion for new trial is resolved through court hearings and litigation.[3]

2.    $50,000 to RPI from the registry if RPI files a brief in the court of appeals and the court of appeals renders an opinion affirming in whole or in part the judgment rendered by the trial court.

3.    $50,000 to Relator from the registry if RPI fails to file a brief in the court of appeals and the court of appeals renders an opinion reversing the trial court's judgment.

---

[2]This court's order granting the stay in the mandamus proceeding acknowledges that the motion in the appeal requests the same relief.

[3]Both parties waived a hearing on Relator's motion for new trial; this $15,000 is separate from the $95,000 ordered deposited into the court's registry and is not part of the issue under review.

4. $10,000 to RPI from the registry if the Texas Supreme Court denies a petition for review filed by Relator and RPI files a reply pursuant to a request by the supreme court.

5. $10,000 to Relator from the registry if the Texas Supreme Court grants her petition for review.

6. $35,000 to RPI from the registry if RPI files a brief in the supreme court pursuant to a request for full briefing and renders an opinion affirming in whole or in part the judgment of the court of appeals.

7. $35,000 to Relator from the registry if RPI fails to file a brief in the supreme court despite a request for full briefing and the supreme court renders an opinion reversing the court of appeals's judgment.

### III. Analysis

In her second issue, Relator asks us to allow her to supersede the June 17, 2011 order and asks us what bond amount should be set in light of her negative net worth. In her third issue, she asks us to conclude that Respondent abused her discretion by ordering her to pay $95,000 in RPI's attorney's fees on appeal and to prepay that amount into the court's registry and requests that we set aside the order.[4]

### A. Standard of Review and Applicable Law

Mandamus is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 452–53 (Tex. 2011) (stating that it is the court's practice, when confronted with parallel

---

[4]In her first issue, Relator asks for temporary emergency relief to stay the order during the pendency of this proceeding. Because we have already granted temporary emergency relief, we need not further address Relator's first issue.

mandamus and appeal proceedings, to consolidate the two proceedings and render a decision disposing of both simultaneously).

Under family code section 6.709, the trial court can render a temporary order "necessary for the preservation of the property and for the protection of the parties during the appeal, including an order to: . . . (2) require the payment of reasonable attorney's fees and expenses."  Tex. Fam. Code Ann. § 6.709(a)(2). Family code section 109.001 contains similar language but applies "to preserve and protect the safety and welfare of the child during the pendency of the appeal as the court may deem necessary and equitable"; the statute also includes a provision stating that a temporary order under section 109.001 is not subject to interlocutory appeal.  *Id.* § 109.001(a)(5),(c).  It also seems that a temporary order under section 6.709 may not be subject to interlocutory appeal either, although there is no corresponding statutory provision prohibiting it.  *See In re Merriam*, 228 S.W.3d 413, 414, 416 (Tex. App.—Beaumont 2007, orig. proceeding) (construing petition as brought under section 6.709 because no minor children were involved, denying petition because there was an adequate remedy by appeal, and noting the circumstances under which mandamus relief would have been available under section 6.709); *see also Marcus v. Smith*, 313 S.W.3d 408, 416 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding) (stating that the court lacked jurisdiction over a direct appeal of award of appellate attorney's fees under section 109.001).  Therefore, we dismiss the appeal in cause number 02-11-00238-CV.

7

**B. Orders**

RPI testified that he was unemployed in December 2010 and was still unemployed at the time of the first hearing in June 2011 and that his family helped him pay his bills. Therefore, Respondent had the discretion to issue a temporary order "necessary for the . . . protection of the parties during the appeal," which includes requiring the payment of reasonable attorney's fees and expenses. *See* Tex. Fam. Code Ann. § 6.709(a)(2). Further, in the divorce decree, Respondent gave RPI the exclusive right to designate the parties' minor child's primary residence, as well as a $50,000 judgment against Relator "for reasonable and necessary attorney's fees incurred by him in obtaining orders pertaining to the child the subject of this suit," which Relator had not paid as of the June 15 hearing. Therefore, Respondent also had the discretion to issue a temporary order "necessary to preserve and protect the safety and welfare of the child during the pendency of the appeal," which includes requiring payment of reasonable attorney's fees and expenses. *See id*. § 109.001(a)(5); *Marcus*, 313 S.W.3d at 418 (stating that under section 109.001, evidence is sufficient to justify appellate attorney's fees to preserve and protect the safety and welfare of the child when the recipient of the fees has primary responsibility for the child and for the care, upkeep of, and debt on the child's principal home). Thus, we must next examine whether the mechanism for paying these fees constitutes an abuse of discretion.

Respondent based the monetary amounts set out in the terms of the order on RPI's appellate counsel's testimony at the June 15 hearing. However, at the June 15 hearing, and again at the July 8 hearing, Respondent also heard Relator testify that her income, as compared to her expenses, fell well below the ability to pay $95,000 into the trial court's registry. Although we defer to the trial court's determination of witness credibility, nothing in the record indicates that Relator has the ability to pay this amount or any other. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding) (stating that with respect to resolution of factual issues, the reviewing court may not substitute its judgment for that of the trial court, and that the relator must establish that the trial court could reasonably have reached only one decision). *Compare Marcus*, 313 S.W.3d at 418 (denying petition for writ of mandamus when record did not show that the trial court acted arbitrarily or unreasonably by determining that Smith's award of appellate attorney's fees during the pendency of appeal would help preserve the welfare of the child), *with Herschberg v. Herschberg*, 994 S.W.2d 273, 275, 279 (Tex. App.—Corpus Christi 1999, orig. proceeding) (granting conditional mandamus relief and ordering trial court to vacate its order for attorney's fees when the evidence at the hearing showed that the amount payable to the ex-wife was beyond ex-husband's ability to pay). Therefore, we conclude that Respondent abused her discretion by ordering Relator to prepay $95,000 into the trial court's registry, and we sustain part of Relator's third issue. *Cf. In re Pirelli Tire*, 247 S.W.3d 670, 686 (Tex. 2007) (orig. proceeding) (stating

that mandamus will not lie when the record contains legally sufficient evidence both against and in support of the trial court's decision).

Mandamus relief is available from a section 6.709 order only when the order constitutes an abuse of discretion and the pending appeal provides an inadequate remedy. *Merriam*, 228 S.W.3d at 416. In *Merriam*, the ex-husband in a divorce appeal brought a petition for writ of mandamus regarding an order requiring him to pay his ex-wife's attorney's fees in the event his appeal was unsuccessful. *Id*. at 414. The Beaumont court concluded that mandamus relief should be denied because the ex-husband had an adequate remedy by appeal when the order provided that attorney's fees were payable "on or before thirty days from the date of either (1) an opinion from the Court of Appeals which affirms the trial court's judgment or (2) an order overruling the last timely filed motion for rehearing, if any whichever is later." *Id*. at 414, 416. Because the order did not require the ex-husband to pay the attorney's fees until the conclusion of an unsuccessful appeal, he had an adequate remedy by appeal; the court did not address whether the trial court abused its discretion by ordering him to pay the attorney's fees. *Id*. at 416; *cf. Marcus*, 313 S.W.3d at 418 ("An unconditional award of appellant's appellate attorney's fees is improper, and a trial court must condition the award upon the appellant's unsuccessful appeal.").

Here, Respondent required Relator to prepay $95,000 into the court's registry before this court renders judgment in the appeal. Because the record reflects that Relator does not have the funds available to prepay $95,000 into the

10

trial court's registry, and, thus, that the trial court's order would, in effect, preclude her right to appeal, we conclude that she does not have an adequate remedy by appeal.[5] *See In re Ford Motor Co.*, 988 S.W.2d 714, 721, 723 (Tex. 1998) (orig. proceeding) (concluding that the trial court abused its discretion by awarding appellate attorney's fees without conditioning the fee award on the outcome of the appellate court proceedings and stating that appeal is not an adequate remedy when a court imposes a monetary penalty on a party's prospective exercise of its legal rights); *Braden v. Downey*, 811 S.W.2d 922, 929 (Tex. 1991) (orig. proceeding) (noting the chilling effect monetary sanctions can have on a party's continuation of litigation); *cf. Merriam*, 228 S.W.3d at 414, 416.

Because the attorney's fees will not be payable to RPI, if at all, until this court renders a judgment in the appeal, we conditionally grant the writ of mandamus for Respondent to vacate the provisions in the current order requiring the immediate deposit of $95,000 into the trial court's registry and allocating funds to Relator and RPI from that deposit for various stages of the appeal, and to substitute the following conditional language:

---

[5]Further, under item two, of the order, RPI will be entitled to $50,000 of the $95,000 if he files a brief in this court and we affirm in whole or in part Respondent's judgment, and under item three, Relator will be entitled to a return of the $50,000 if RPI does not file a brief in this court and we reverse Respondent's judgment. However, it seems unlikely that either party will contest the portion of Respondent's judgment granting the divorce, and the resulting affirmance of that portion of the judgment will commit Relator to pay $50,000 if RPI files a brief. Even if he does not file a brief, Relator will still not be entitled to a return of $50,000 of the $95,000 if this court affirms the portion of the judgment granting the divorce.

11

Edward Charles Halleman will be entitled to $50,000 upon issuance of the mandate in connection with the appeal if he files a brief in the court of appeals and the court of appeals affirms the trial court's entire judgment. Further, he will be entitled to $10,000 following the Texas Supreme Court's final judgment denying a petition for review filed by Aimee Delyn Halleman in connection with the appeal if Edward Charles Halleman files a reply to Aimee Delyn Halleman's petition for review pursuant to a request by the supreme court. Edward Charles Halleman will be entitled to $35,000 following the rendition of judgment by the Texas Supreme Court if he files a brief pursuant to the supreme court's request for full briefing and the supreme court renders an opinion affirming the court of appeals's judgment in whole.

*See, e.g., Keith v. Keith*, 221 S.W.3d 156, 171–72 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (modifying judgment to make an award of appellate attorney's fees contingent upon the receiving party's success on appeal).

In short, RPI will only be entitled to conditional appellate attorney's fees, and Relator will not be required to deposit $95,000 into the court's registry in order to continue with her appeal. *See In re Garza*, 153 S.W.3d 97, 99 (Tex. App.—San Antonio 2004, orig. proceeding); *Hughes v. Habitat Apartments*, 828 S.W.2d 794, 795 (Tex. App.—Dallas 1992, no writ). We do not reach Relator's second issue. *See* Tex. R. App. P. 47.1.

## IV.    Conclusion

Having sustained Relator's third issue in part, we conditionally grant mandamus relief, and we dismiss the appeal in cause number 02-11-00238-CV for want of jurisdiction.  We lift the July 18, 2011 stay on the order as modified.


BOB MCCOY
JUSTICE

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

DELIVERED:  November 3, 2011