COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| BEVERLY BYRNES, | | No. 08-12-00224-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 191st District Court |
| | § | |
| TIM AND KEERA KETTERMAN, | | of Dallas County, Texas |
| | § | |
| Appellees. | § | (TC # DC-09-13243-J) |

## O P I N I O N

Pending before the Court is a motion filed by Tim and Keera Ketterman to dismiss this appeal pursuant to TEX.R.APP.P. 42.3(c) and TEX.R.CIV.P. 621a because the Appellant, Beverly Byrnes, has refused to answer post-judgment discovery, has failed to pay the associated sanctions, and has failed to either pay the judgment or file a supersedeas bond. We grant the motion and dismiss the appeal.

## PROCEDURAL BACKGROUND

Tim and Keera Ketterman filed suit against Beverly Byrnes alleging several causes of action, including a claim under the Deceptive Trade Practices Act, because Tim Ketterman entered into a contract to purchase a home from Byrnes and she represented that she was unaware of any previous flooding into the structure or onto the property.[1] Despite those representations to the contrary, Byrnes knew that previous flooding had occurred. On February 13, 2012, the trial court entered a post-answer default judgment in favor of Tim Ketterman against Byrnes in the amount of $205,411.50 in money damages, $8,160.19 in pre-judgment interest, and $141,836.82 in attorney's fees plus conditional attorney's fees in the

---

[1] The pleadings allege that Tim Ketterman was engaged to Keera Rittenberry when he entered into the contract.

amount of $25,000 if Byrnes unsuccessfully appealed to the Dallas Court of Appeals. The trial court determined that Keera Ketterman should take nothing on her claims because she was not a party to the contract.

On April 16, 2012, the Kettermans filed a motion to compel Byrnes to respond to post-judgment discovery. Byrnes filed notice of appeal on May 10, 2012, but she did not post a supersedeas bond. The trial court entered an order granting the Kettermans' motion to compel on May 21, 2012 requiring Byrnes to produce all documents requested in the request for production, provide complete responses to the Kettermans' first set of interrogatories, and pay reasonable and necessary attorney's fees in the amount of $3,500 within twenty-one days. The Kettermans filed a second motion to compel on August 27, 2012 alleging that Byrnes had not complied with the trial court's order on the first motion to compel. The Kettermans' motion also requested that the court impose sanctions against Byrnes. Following a hearing, the trial court granted the motion on October 18, 2012, finding that Byrnes had failed to produce all documents, failed to provide complete responses to the first set of interrogatories, and failed to pay the Kettermans' reasonable and necessary attorney's fees in the amount of $3,500. The court ordered Byrnes to pay the previously ordered sanctions and provide all documents and complete answers to discovery within thirty days of the date of the order. The court additionally found that Byrnes had not posted a bond which would suspend post-judgment discovery or collection efforts, she had failed to pay the entirety of the outstanding judgment, and Byrnes had not provided the court with any valid basis for her refusal to comply with the court's orders. Consequently the court imposed sanctions in the amount of $10,000 and ordered Byrnes to pay within thirty days of the date of the order. Byrnes did not comply with the trial court's order.

**MOTION TO DISMISS**

The Kettermans have requested that the Court dismiss the appeal because Byrnes has not answered post-judgment discovery and has not paid the sanctions as ordered by the trial court. The losing party to a lawsuit for money damages has a choice to either submit to the judgment or supersede the judgment by filing of a proper bond while the case is pending appellate review. *Ark of Safety Christian Church, Inc. v. Church Loans & Investments Trust*, 279 S.W.3d 775, 777 (Tex.App.--Amarillo 2007, no pet.); *Hayes v. Hayes*, 920 S.W.2d 344, 347 (Tex.App.--Texarkana 1996, writ denied). Byrnes has done neither. Byrnes has not superseded the judgment and the trial court has determined that she did not comply with its orders to respond to post-judgment discovery. She has also failed to pay the sanctions imposed by the trial court.

Rule 42.3 of the Texas Rules of Appellate Procedure authorizes this Court to dismiss an appeal because the appellant has failed to comply with a court order. TEX.R.APP.P. 42.3(b), (c). In *Ark of Safety*, the Seventh Court of Appeals dismissed an appeal in factual circumstances similar to what is presented here on the ground that the appellant had failed to comply with a trial court order requiring it to answer post-judgment discovery and pay the associated sanctions. *Ark of Safety*, 279 S.W.3d at 777. Because Byrnes has failed to comply with the trial court's orders, we grant the motion and dismiss the appeal. TEX.R.APP.P. 42.3(c); *Ark of Safety*, 279 S.W.3d at 777.

January 16, 2013

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating