COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

RAUL RENE RODRIGUEZ,                                          No. 08-15-00340-CV

§

APPELLANT,                                          Appeal from the

§

V.                                          65th District Court

§

LETICIA BORREGO,                                          of El Paso County, Texas

§

APPELLEE.                                          (TC# 2007CM7669)

§

## O P I N I O N

The Court previously abated this appeal in order to give Appellant, Raul Rene Rodriguez, an opportunity to comply with the trial court's temporary orders. The appeal is reinstated.

Pending before the Court are two motions filed by Rodriguez: (1) a motion asking that we reconsider a prior order stating that the appeal would be dismissed if Rodriguez failed to comply with the temporary orders; and (2) a motion to modify the trial court's temporary orders, or abate the appeal and remand to the trial court for modification. Finding that Rodriguez has failed to comply with the trial court's temporary orders, we deny both motions and dismiss the appeal.

**FACTUAL SUMMARY**

Rodriguez is appealing from a final decree of divorce. After Rodriguez filed a request for entry of findings of fact and conclusions of law, Appellee, Leticia Borrego, filed a motion

requesting temporary orders in the event Rodriguez perfected an appeal. *See* TEX.FAM.CODE ANN. § 6.709 (West 2006)(authorizing the trial court to render temporary orders necessary for preservation of property or protection of the parties during the appeal). Borrego requested that Rodriguez be ordered to pay temporary spousal support retroactive to the date of the divorce and her attorney's fees incurred in connection with an appeal. After Rodriguez perfected his appeal on November 20, 2015, the trial court conducted a hearing on Borrego's motion. Finding it had jurisdiction to render temporary orders pending appeal, the trial court granted Borrego's motion, and ordered Rodriguez to pay attorney's fees in the amount of $21,000 to Borrego's counsel by March 15, 2016, and temporary spousal support to Borrego in the amount of $1,500 per month with the first payment due on January 1, 2016. The court also ordered Rodriguez to pay retroactive spousal support in the amount of $500 for the months of September, October, and November 2015.

On June 13, 2016, Borrego filed a motion to dismiss the appeal because Rodriguez has not paid the temporary spousal support, the retroactive spousal support, or the attorney's fees ordered by the trial court. Alternatively, Borrego asked the Court to abate the appeal for fourteen days to permit Rodriguez to comply with the trial court's orders. We granted the motion in part and abated the appeal until July 13, 2016. Our order provided that if Rodriguez failed to comply with the temporary orders, the appeal would be dismissed. Rodriguez did not comply, and he filed an unopposed motion to extend the abatement on July 11, 2016, stating that he needed additional time to obtain funds from a Thrift Savings Plan ("TSP") to pay the spousal support and attorney's fees. We granted the motion and extended the abatement to July 27, 2016. Rodriguez filed a second unopposed motion to extend the abatement, and we also granted that motion, extending the abatement period to August 16, 2016. We granted a third extension

motion and extended the abatement period to August 26, 2016. The order granting the third extension directed the parties to notify the Court whether Rodriguez complied with the temporary orders and added that the appeal would be dismissed if Rodriguez failed to comply. The order also specified that the Court would not consider any further extension requests. Rodriguez did not comply with the temporary orders. He instead filed a motion to modify the temporary orders, or alternatively, to abate the appeal and remand the issue of modification to the trial court. On August 29, 2016, Rodriguez filed a motion asking the Court to reconsider its order that the appeal would be dismissed if he failed to comply with the temporary orders.

The Rules of Appellate Procedure authorize a court of appeals to dismiss an appeal when the appellant fails to comply with a court order. *See* TEX.R.APP.P. 42.3(c). In *Byrnes v. Ketterman*, this Court exercised its authority under Rule 42.3(c) and dismissed the appeal because the appellant failed to comply with a trial court's order to answer post-judgment discovery. *Byrnes v. Ketterman*, 440 S.W.3d 688, 690 (Tex.App.--El Paso 2013, no pet.). The Austin Court of Appeals dismissed an appeal in circumstances similar to this case where the appellant failed to comply with temporary orders entered pursuant to Section 6.709 of the Texas Family Code requiring him to pay attorney's fees and temporary spousal support during the pendency of the appeal. *See Griffith v. Case*, No. 03-06-00722-CV (Tex.App.--Austin May 22, 2007, no pet.)(mem. opinion).[1]

Rodriguez asserts that his appeal should not be dismissed because he has been negotiating with the TSP administrator in good faith to obtain the funds. According to Rodriguez, the TSP administrator has place a "hold" on the TSP funds as a result of the appeal.[2]

---

[1] This memorandum opinion is not available on Westlaw. It is accessible through the Third Court of Appeals' website.

[2] According to Borrego, she does not have access to her share of the TSP funds because of the appeal.

While we accept as true the representations of Rodriguez's counsel that he has attempted to negotiate with the TSP administrator, the trial court's order did not require that the temporary spousal support and attorney's fees be paid from the TSP. As noted by Borrego, the divorce decree awarded Rodriguez other property which could provide funds to pay the temporary spousal support and attorney's fees.

Rodriguez also claims that his appeal should not be dismissed because he intends to appeal the temporary orders as permitted by our opinion in *Bowers v. Bowers*, --- S.W.3d ---, No. 08-13-00346-CV, 2016 WL 1403227, at *10 (Tex.App.--El Paso April 8, 2016, no pet.). In *Bowers*, we observed that several of our sister courts have read Section 6.709(b) of the Family Code as vesting the appellate courts with the power to review the validity of ancillary Section 6.709 temporary orders concurrent with the underlying appeal from a final divorce decree. *Id.*, *citing Halleman v. Halleman*, 379 S.W.3d 443, 455 (Tex.App.--Fort Worth 2012, no pet.); *In re Merriam*, 228 S.W.3d 413, 416 (Tex.App.--Beaumont 2007, orig. proceeding); *In re Marriage of Edwards*, No. 06–12–00016–CV, 2012 WL 4503413, at *10 n.28 (Tex.App.--Texarkana Oct. 2, 2012, no pet.)(mem. op.). Other courts have held that mandamus is the exclusive remedy. *See In re Garza*, 153 S.W.3d 97, 100 (Tex.App.--San Antonio 2004, orig. proceeding). Our holding in *Bowers* has limited precedential value in this case because *Bowers* was a transfer case, and we were applying the precedent of the transferring court as we are required to do by Rule 41.3. TEX.R.APP.P. 41.3. Even if we assume for the sake of argument that Rodriguez has a right to challenge the temporary orders in this appeal, the mere existence of jurisdiction does not mean that Rodriguez cannot forfeit the right to appeal the temporary orders by his conduct. It is undisputed that Rodriguez has not made any payments required by the temporary orders, and his only excuses are that he cannot obtain the funds from the TSP and he does not agree with the

temporary orders.  We are unaware of any law which permits a party to ignore temporary orders simply because he disagrees with the order and intends to appeal it.

Even though this appeal has been pending for ten months and the temporary orders have been in place for approximately nine months, Rodriguez has not made a single payment ordered by the trial court.  The evidence indicates that Rodriguez did not attempt to negotiate with the TSP administrator until after Borrego filed her motion to dismiss the appeal in June 2016, more than six months after the first spousal support payment was due.  The Court has been patient with Rodriguez and has given him every opportunity to comply with the temporary orders entered for the protection of Borrego during the pendency of the appeal, but he has failed to do so.  Accordingly, we deny Rodriguez's motions to modify the temporary orders and to reconsider our order that the appeal would be dismissed if he failed to comply with the temporary orders.  Finding that Rodriguez has failed to comply with a court order, we dismiss the appeal.  *See* TEX.R.APP.P. 42.3(c); *Byrnes*, 440 S.W.3d at 690; *Griffith*, No. 03-06-00722-CV.


September 23, 2016

                                    YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.