**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00304-CV**
_____

**IN RE CHETT M. HUTZLER**

**Original Proceeding**
**411th District Court of San Jacinto County, Texas**
**Trial Cause No. DV14,330**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Relator Chett M. Hutzler complains that the trial court presiding in his divorce suit signed a post-verdict temporary order after a hearing held on two days' notice in violation of Rules 4 and 21 of the Texas Rules of Civil Procedure. We deny mandamus relief.

According to Real Party in Interest Alana M. Hutzler, issues other than property division were tried to a jury in August 2022 and issues related to property division were tried to the court in September 2022. On August 19, 2022, Alana applied for temporary orders pending appeal. In part she asked the trial court to award to her exclusive occupancy of the residence during the appeal, in light of the

1

parties' pre-trial stipulation that the residence was her separate property and their Rule 11 agreement to submit property issues to the trial court. *See* Tex. Fam. Code Ann. § 6.709 ("In a suit for dissolution of a marriage, on the motion of a party or on the court's own motion, after notice and hearing, the trial court may render a temporary order as considered equitable and necessary for the preservation of the property and for the protection of the parties during an appeal, including an order directed toward one or both parties: . . . (4) awarding one spouse exclusive occupancy of the parties' residence pending the appeal[.]").

On August 23, 2022, Alana provided notice that her motion would be heard on August 25, 2022 at 1:30 p.m. On August 23, 2022, Chett filed a written objection to the short notice and noted therein that counsel had a medical appointment and co-counsel had a previously scheduled hearing in a probate case. Chett provided an affidavit from his co-counsel on August 26, 2022.

The trial court heard Alana's motion for temporary orders on August 25, 2022, and signed a temporary order pending appeal the following day. The order does not mention the short notice of the hearing, but the docket sheet states that that trial court granted an "Emergency Order." In the order, the trial court states, "On August 17, 2022, Petitioner Chett M. Hutzler confirmed that the property at [address], Coldspring, San Jacinto County [] Texas, was stipulated to be separate real property of Movant." Based on the stipulation, the trial court granted exclusive possession of

2

the property to Alana and ordered Chett to vacate the premises by August 27, 2022. On August 26, 2022, Chett filed affidavits from his lawyers to support his complaint that neither lawyer could attend the August 25, 2022 hearing. In a letter dated September 1, 2022, Chett's attorney asked the trial court to vacate the temporary orders due to lack of adequate notice.

In his mandamus petition, Chett argues the trial court abused its discretion by signing temporary orders after a hearing for which Alana failed to provide adequate notice. *See* Tex. R. Civ. P. 21(b) ("An application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, must be served upon all other parties not less than three days before the time specified for the hearing, unless otherwise provided by these rules or shortened by the court."). In response, Alana argues the issue is moot because Chett withdrew his motion during the September property division proceedings. In his reply, Chett maintains he withdrew a Motion for Enforcement but has not withdrawn his motion to vacate the active temporary order.

The trial court did not explicitly shorten the time for notice of the hearing, but the docket sheet indicates the trial court granted an emergency order to turn over her separate property to Alana. *See* Tex. Fam. Code Ann. § 101.026 ("'Render' means the pronouncement by a judge of the court's ruling on a matter. The pronouncement may be made orally in the presence of the court reporter or in writing, including on

3

the court's docket sheet or by a separate written instrument."). The trial court based its temporary order on the parties' stipulation that the residence was Alana's separate property. The complaint articulated by Chett is that the trial court considered Alana's motion on two days' notice to Chett. He has not challenged the characterization of the property as Alana's separate property, the existence of the parties' stipulation, or Alana's claim that Chett declined to ask the trial court to reconsider the temporary order when the trial court held a hearing on the property division.

Mandamus relief is available from a section 6.709(b) order when the order constitutes an abuse of discretion and an appeal provides an inadequate remedy. *In re Merriam*, 228 S.W.3d 413, 415-16 (Tex. App.—Beaumont 2007, orig. proceeding). In this case, however, it appears the trial court has not lost jurisdiction to modify the temporary order. *See* Tex. Fam. Code Ann. § 6.709(j). Chett has had ample opportunity to challenge Alana's evidentiary support for the temporary order or identify a reason why the trial court should not order Chett to surrender Alana's separate property to her. Under these circumstances, Chett has not shown that he is entitled to mandamus relief.

Alana asks this Court to impose sanctions against Chett for filing a groundless mandamus petition, which Alana argues was brought solely to delay the hearing on the property division. *See* Tex. R. App. P. 52.11. We decline the request for sanctions.

We deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on October 4, 2022
Opinion Delivered November 3, 2022

Before Kreger, Horton and Johnson, JJ.